Haeii, Judge.
Where an agent wishes to be excused from obligations or covenants into which he enters, he should affix the name of his principal to the deed. (Wilkes v. Back. 2 East 142). When he does not do so, but only signs his own name as agent, he is personally answerable. For in such case he undertakes for his principal. (Appleton v. Binks, 5 East 148). He undertake^ as agent, or as surety for his principal, that if the latter will not perform the contract, he will answer for him, in the manner stipulated.
The case of Potts v. Lazarus (2 Law Rep. 83) seems to have been decided in part upon the ground, that pub-lie and private agents were stibjectcd to the same liability. Of late however, their obligations are considered to be very different; the ih*st standing upon the principles of policy; the latter left to meet the contract» as the law of the case shall decide.
*180 Ni the present case, it is true, the defendants could not ^iave their principal’s name ; but as oilier agents, they could and did sign as agents or as executors ; in whiCh case the rule is equally strong., that they shall be bound as agents to the fulfilment of any contract into which they enter, if this should not be considered to be the case, such contracts or covenants would be mere nul-lities. For the covenantees could have no remedy upon the covenants against the testator.
This subject is so fully and satisfactorily examined in Sumner v. Williams (8 Mass. Rep. 162) that the best service I can render the subject will be to refer to it.
It was also insisted for the defendant, Haddock, that he was protected from the recovery sought by the plaintiff, by the lapse of seven years after the death of his testator, before suit brought against him by the plaintiff; altlio’ the fact is, that the cause of action had not accrued, until within seven years next before the action was brought. The act of 1715 (Rev. c. 10, .§. 7) the protection of which is claimed in this case, is in the following words: u That creditors of any person deceased shall make their claim within seven years after the death of such debtor ; otherwise such creditor shall be forever haired.” To give operation to the act, there must not only be a creditor, but there must be a claim. What is a claim- ? It is defined to be a challenge by a man of the property or ownership of a thing, which he has not in possession, but which is wrongfully detained from him. (Plow. 359.) It is either verbal, or it is by an action brought. If relates to lands, or goods and chattels. (Shep. M. Claim. Jacob’s Latv Diet. Claim.) Johnson defines a claim to be “ a demand of any thing due; a title to any privilege or possession in the hands of another ; a demand of any thing that is in the possession of another.” When the legislature say, that creditors shall make their claim within seven years after the death of the testator, they must have had in contemplation such a creditor as had a claim to make ; such a claim as might be enforced in preesentu. They did not mean a claim that might arise in futuro which could not be enforced until it did arise or accrue-, *181 By an equitable construction of-the act, he must make bis claim within seven years after it accrues. To require him to make it before, would be to require of him an impossibility.
■fhe statute of limitation never begins to ranun-a cfmse of ac' üon has accrued, as well as "’’í*1 th.e?’e IS.a tence. Per IIai.i, J.
The case úf Jones v. Brodie, ('\¥u,r' a94i McLeilan v. ecl “ Junes v-Í¿Tby Haix^j7"
The statutes of limitation generally begin to run after the cause of action has accrued. Chief-Justice Abbott , says in Murray v. The E. I Co. (7 Eng. C. L. 66,) that “ it cannot bo said, that a cause of action exists, -unless . , . therc be also a person m existence, capable of suing.” 'Would not bis Lordship have been equally orthodox, if he had also said, although there is a creditor in exist-once, yet if there is no clai'in, or cause of action, the statute of limitation will not run. The Chief-Justice further observed in that case, that the several statutes of limitation, being all in pari materia, ought to receive a uniform construction, notwithstanding any slight variations in phraseology — the object and intention being the same.
So in tlio case of Jones v. Brodie, (3 Mur. 594.) it was v J held, in regard to the statute of limitation now under consideration, that if there was no creditor who could sue at the death of the debtor, the statute did not begin to run. So I think, altho’ there is a creditor, hut no claim that can he enforced, the statute will not rim until there is such a claim. From the account which is given of McLettan v. Hill, (Conf. Rep. 479) in Jones v. Brodie, I think it was rightly decided. Butintheprinted report of it, no notice is taken of the fact, that the debtor died before the creditor. Nor does the judgment of the court seem to be baaed upon that circumstance. And so far as the reasoning in that case is adverse to the opinion delivered in Jones v. Brodie, I do not subscribe to it. One reason given for the; opinion of the court in that case was, that executors and administrators after seven years were obliged to pay over whatever assets remained In their hands to the churchwardens, or to the treasurer of the state, for the benefit of creditors. My answer is, that it ought to appear, that it was paid over. If it was not, it was answerable to creditors. If it was paid over, it should not have prevented creditors from obtaining judgments ; but it might have been a good reason for not fixing the executor with assets.
*182 An executor who has paid over university is not subjected to the tor, not barred ky the act of issue of fully administered must be found for him, and the creditor gainsf the^UnT versity.
Certainly much consideration is due to the sanctity of contracts, provided they are within the pale of the law» A man may legally contract, that he and his executors w|h in(iemnify a purchaser in case of eviction; which may not happen until many years after his death. He' may contract that a thing may be done after his death. He may give a bond payable in ten years, and die the next day.
The legislatures of the states are enjoined from passing any law impairing the obligation of contracts; and the alarm was taken in this state, when the legislature passed a law postponing the time for the fulfilment of a contract. (Jones v. Crittenden, 1 Law Rep. 385.) HoW cautious then should eburts be,.in giving judgment upon the construction of an act of Assembly, which will cut them off from fulfilment altogether. I see nothing in policy, which should lead to such a result. For if after seven years, the executors or administrators have paid over the assets to the University, which is now author-lzei*receive them, instead oí the church-wardens and treasurer of the state, they are not to be charged with assets. But the creditor is entitled to a judgment, which will be his passport to a remedy against the tras-tees of the University.
'T'}ie statutes of limitation generally give a specified _ ° , , „ time to sue m. Creditors may avail themselves of it ^ ^ley d° they are barred. In tiie present case no time is given to sue in ; and the contract becomes a mere nullity. The obligation of it is totally impaired.
Rueetn, Judge,